Michael P. Kelly

Managing Partner

Fax 302.984.6399
mkelly@mccarter.com

McCarter & English, LLP
Suite 1800
919 N. Market Street
P.O. Box 111
Wilmington, DE 19899
tel 302.984.6300
fax 302.984.6399
www.mccarter.com



McCARTER
ENGLISH
ATTORNEYS AT LAW

March 18, 2005

**BY HAND**

Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Lock Box 19
Wilmington, Delaware 19801

Re:  Capitol Cleaners v. Transcontinental Insurance Company
     C.A. No.: 04-865 (GMS)

Dear Judge Sleet:

Please accept this letter as a formal response to the Court's March 15, 2005 Order, in which it directed Plaintiff Capitol Cleaners and Launderers, Inc. ("Plaintiff") to show good cause that the above action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for the lack of service on the CNA Insurance Companies, Inc. and CNA Insurance Group, Inc. (collectively, the "CNA entities").

Defendant Transcontinental Insurance Company ("Transcontinental") was properly served through the Insurance Commissioner of Delaware on or before July 8, 2004. As such, Rule 4(m) does not permit dismissal of the entire action. At most, Rule 4(m) would allow dismissal only of the CNA entities.[1] Under the circumstances of this case, however, there is no warrant even for that step.

Counsel for the Plaintiff diligently tried to effect service of process on the CNA entities. When the initial complaint was filed by Plaintiff, service on CNA Insurance Company was attempted by serving the Insurance Commissioner of Delaware, in accordance with Delaware law. The Insurance Commissioner rejected service on April 27, 2004 by sheriff's return filed with the Superior Court of the State of Delaware on May 2, 2004. On May 27, 2004 Plaintiff filed an amended complaint adding the CNA entities and Transcontinental.[2] Pursuant to Delaware law,

---

[1] Fed. R. Civ. P. Rule 4(m) states "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, ... on its own initiative after notice to the plaintiff, *shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service* for an appropriate period.
[2] Transcontinental was effectively served on June 23, 2004 via the Insurance Commissioner of Delaware. Paragraph # 2 of Transcontinental's removal notice makes a judicial admission that it was served on or about July 8, 2004. As such, perfection of service on Transcontinental is undisputed.

Honorable Gregory M. Sleet
March 18, 2005
Page 2



those entities then were served through their registered agent, which the Delaware Secretary of State identified as the Corporation Trust Company.³ Notwithstanding, the Corporation Trust Company would not accept service on behalf of the CNA entities, stating that it no longer served as the registered agent for these entities because its fees had not been paid. On July 8, 2004, the sheriff returned service writs for the CNA entities stating *non est inventus*, and further noting that the entities are void. (See Exhibit A, Superior Court docket). On July 13, 2004, Transcontinental and the CNA entities filed the Notice or Removal, thus bringing this case in front of Your Honor. Transcontinental and the CNA entities also filed an answer to Plaintiff's Motion for Remand. In the answer, Transcontinental admitted it is a proper party and that Transcontinental is *only licensed to use the CNA service mark*. This CNA service mark is owned by CNA Financial Corporation Delaware, which is a domestic entity in good standing. (See Exhibit B, Delaware Secretary of State good standing statement, CNA licensing disclosure and CNA USPTO service mark ownership record). Transcontinental has affiliated itself with and held itself out as being a part of the CNA entities. (See Exhibit C, Transcontinental policy.) This relationship could create liability on behalf of the CNA entities, thus making those CNA entities relevant and necessary parties to the pending litigation.

Under Delaware law, moreover, the CNA entities, notwithstanding their delinquent tax status and the sheriff's *non est inventus* and void returns on July 8, 2004, continue as Delaware corporate entities. There is no record that a certificate of dissolution was filed with the Delaware Secretary of State for either CNA entity, which is a requirement of 8 Del. C. § 275(d) and 8 Del. C. §103 (" a certificate of dissolution **shall be executed, acknowledged and filed**.") (emphasis added). Furthermore, 8 Del. C. § 277 states that "[n]o corporation shall be dissolved . . . under this chapter until all franchise taxes due to or assessable by the State including all franchise taxes due . . . have been paid by the corporation." These CNA entities, although inactive, have not and *cannot* be dissolved until the franchise taxes due are paid *and* a certificate of dissolution is filed. The CNA entities remain legal domestic entities under Delaware law, and are necessary and relevant parties to this litigation. Therefore, pursuant to Delaware law, because the CNA entities are valid domestic entities, there is no diversity jurisdiction in this case. Because this Court lacks subject matter jurisdiction, it should not dismiss this case or the CNA entities. Rather, Plaintiff respectfully requests that the Court act on the motion for remand and send this case back to the Superior Court of the State of Delaware for further adjudication, thus avoiding piecemeal litigation.

---

³ Likewise, the Delaware Secretary of State identifies The Corporation Trust Company as the registered agent for the owner of the service mark Transcontinental is licensed to use, which is CNA Financial Corporation.



Thank you for your time and attention to this matter. Counsel is available at the Court's convenience should Your Honor have any questions regarding this matter.

Respectfully submitted,

Michael P. Kelly

MPK/jz
cc: Daniel A. Griffith, Esq.
WL1: 103619.01