

# DECLARATIONS

## NEW DECLARATION

| POLICY NUMBER | POLICY PERIOD FROM | POLICY PERIOD TO | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|---|
| 9 03370098 | 10/20/88 | 10/20/89 | VALLEY FORGE INSURANCE COMPANY | 065310420 |

| NAMED INSURED AND ADDRESS | AGENT |
|---|---|
| CAPITOL DRY CLEANERS & LAUNDERERS, INC SEE ENDT #1<br>111 SOUTH GOVERNORS AVENUE<br>DOVER, DE 19901 | HARRY S WILSON INC<br>1020 PHILADELPHIA PIKE<br>WILMINGTON DE 19809 |

### SCHEDULE OF UNDERLYING INSURANCE (CONTINUED)

| ITEM 5. UNDERLYING INSURER POLICY NUMBER AND POLICY PERIOD | UNDERLYING INSURANCE COVERAGES | LIMIT OF LIABILITY | |
|---|---|---|---|
| | PRODUCTS / COMPLETED OPERATIONS | EACH OCCURRENCE | AGGREGATE |
| TRANSCONTINENTAL<br><br>SE 303370090<br><br>10-20-88/89 | COMBINED BODILY INJURY AND PROPERTY DAMAGE LIABILITY | $ 500,000 | $ 500,000 |
| | BODILY INJURY LIABILITY | $ | $ |
| | PROPERTY DAMAGE LIABILITY | $ | $ |
| | AUTOMOBILE LIABILITY | EACH PERSON | EACH ACCIDENT |
| STATE FARM<br><br>F400024-E23-08<br><br>05-23-88/89 | COMBINED BODILY INJURY AND PROPERTY DAMAGE LIABILITY | XXXXXXXXXXX XXXXXXXXXXX | $ 500,000 |
| | BODILY INJURY LIABILITY | $ | $ |
| | PROPERTY DAMAGE LIABILITY | XXXXXXXXXXX | $ |
| | EMPLOYERS' LIABILITY | EACH ACCIDENT | POLICY LIMIT |
| CONTINENTAL CAS CO<br><br>WC 603370094 | BODILY INJURY BY ACCIDENT | $ 100,000 | XXXXXXXXXXX |
| | BODILY INJURY BY DISEASE | XXXXXXXXXXX | $ 500,000 |
| | | EACH EMPLOYEE | XXXXXXXXXXX<br>XXXXXXXXXXX<br>XXXXXXXXXXX |
| 10-20-88/89 | BODILY INJURY BY DISEASE | $ 100,000 | XXXXXXXXXXX |

Corporate Secretary    Chairman of the Board

1. INSURED



**For All the Commitments You Make®**

CNA Plaza
Chicago, Illinois 60685

DECLARATIONS

NEW DECLARATION

| POLICY NUMBER | FROM POLICY PERIOD TO | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| 9 03370098 | 10/20/88  10/20/89 | VALLEY FORGE INSURANCE COMPANY | 065310420 |
| NAMED INSURED AND ADDRESS | | AGENT | |
| CAPITOL DRY CLEANERS & LAUNDERERS, INC SEE ENDT #1　11 SOUTH GOVERNORS AVENUE　DOVER, DE 19901 | | HARRY S WILSON INC　1020 PHILADELPHIA PIKE　WILMINGTON DE 19809 | |

ITEM

PREMIUM

6.

| PREMIUM BASIS | ESTIMATED EXPOSURE | RATE | ESTIMATED PREMIUM |
|---|---|---|---|
| FLAT CHARGE | | | 2700 |
| ADVANCE PREMIUM | MINIMUM PREMIUM | AUDIT PERIOD IS ANNUAL UNLESS NOTED | |
| $ 2700   ON EFFECTIVE DATE | $ 2700   ANNUAL | NONE | |
| $ | $ 2700   POLICY TERM | | |
| $ | | | |

7. FORMS AND ENDORSEMENTS MADE PART OF THIS POLICY AT TIME OF ISSUE INCLUDE (INSERT NUMBER AND SUFFIX)

G59103A G59125A G56155A UCU122 UCU311 P56015A

*Core Basic*
*Umbrella*
*Cross Liability Exclusion*
*Auto following form*

COUNTERSIGNED  1/13/89
               DATE

BY _____
    AUTHORIZED AGENT

40241-D (12/85 ED.)

Corporate Secretary    Chairman of the Board

1 INSURED

**CNA**
*For All the Commitments You Make*

CNA Plaza
Chicago, Illinois 60685

| POLICY NUMBER | FROM  POLICY PERIOD  TO | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| 9 03370098 | 10/20/88 - 10/20/89 | VALLEY FORGE INSURANCE COMPANY | 065310420 |

| NAMED INSURED AND ADDRESS | AGENT |
|---|---|
| CAPITOL DRY CLEANERS & LAUNDERERS, INC SEE ENDT #1<br>111 SOUTH GOVERNORS AVENUE<br>DOVER, DE 19901 | HARRY S WILSON INC<br>1020 PHILADELPHIA PIKE<br>WILMINGTON DE 19809 |

## CHANGE ENDORSEMENT

\*\*\*   THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ IT CAREFULLY.   \*\*\*

THIS ENDORSEMENT IS A PART OF YOUR POLICY AND TAKES EFFECT ON THE EFFECTIVE
DATE OF YOUR POLICY, UNLESS ANOTHER EFFECTIVE DATE IS SHOWN BELOW.

NAMED INSURED

CAPITOL DRY CLEANERS AND LAUNDERERS, INC.
T/A TOWNE CLEANERS AND LAUNDERERS OF SMYRNA, INC.; CAPITOL UNIFORM AND
LINEN SERVICES, CAPITOL CARPET CLEANERS T/A ABC SERVICES, INC.

| POLICY CHANGE NO. 1 | EFFECTIVE DATE OF THIS POLICY CHANGE  10-20-88 |
|---|---|
| COUNTERSIGNED 1/13/89  DATE | BY _D. F. Hirschman_  AUTHORIZED REPRESENTATIVE |

56015-A (3/87 ED.)

_Corporate Secretary_    _E.J. Noha Chairman of the Board_

1. INSURED

**CNA**
*For All the Commitments You Make®*

CNA Plaza
Chicago, Illinois 60685

| POLICY NUMBER | POLICY PERIOD FROM   TO | COVERAGE IS PROVIDED BY | AGENCY |
|---|---|---|---|
| 9 03370098 | 10/20/88  10/20/89 | VALLEY FORGE INSURANCE COMPANY | 065310420 |

| NAMED INSURED AND ADDRESS | AGENT |
|---|---|
| CAPITOL DRY CLEANERS & LAUNDERERS, INC SEE ENDT #1<br>411 SOUTH GOVERNORS AVENUE<br>DOVER, DE 19901 | HARRY S WILSON INC<br>1020 PHILADELPHIA PIKE<br>WILMINGTON, DE 19809 |

\*\*   PAYMENT PLAN SCHEDULE   \*\*

IT IS AGREED THAT THE TOTAL ESTIMATED PREMIUM SHOWN IN
THE DECLARATIONS OF THIS POLICY IS PAYABLE AS FOLLOWS:

| EFFECTIVE DATE | PREMIUM |
|---|---|
| 10/20/88 | $2,700.00 |
| TOTAL PREMIUM | $2,700.00 |

ISSUE DATE 12/12/88

Corporate Secretary    Chairman of the Board

1. INSURED



# AMENDATORY ENDORSEMENT
## OCCURRENCE CONVERSION
## COMMERCIAL CATASTROPHE UMBRELLA
## THIRD PARTY LIABILITY POLICY

The following policy terms and conditions are amended as follows:

F.1., under VIII. **WORDS AND PHRASES DEFINED**, is deleted and replaced as follows:

F.1 Incident (Definition for use when claims are NOT COVERED BY THE IMMEDIATE **Scheduled underlying insurance**. Note: See Definition F. for definition of Incident when claims are covered by such insurance.)

With respect to claims which are covered by this policy, but which are not covered by the immediate **Scheduled underlying insurance** (whether or not the limits thereof become reduced or exhausted), **Incident** means:

1. An Occurrence of **Bodily Injury** or **Property Damage**, caused by an accident, including continuous or repeated exposure to substantially the same general harmful conditions, that takes place during this policy period.

2. An offense resulting in **Personal Injury**, caused by an act, or series of acts of the same or similar nature, committed during this policy period. All loss arising out of such an act or a series of acts, regardless of the frequency thereof or the number of claimants, shall be deemed to arise out of one offense.

3. An offense resulting in **Advertising injury**, caused by an act, or series of acts in which the same or similar advertising material is used, regardless of the number or kind of media used, committed during this policy period which causes such **Advertising injury**.

All damages involving the same injurious material or act, regardless of the frequency or repetition thereof, the number or kind of media used, or the number of claimants, shall be deemed to arise out of one offense.

This endorsement forms a part of the policy. It is subject to the same inception date, unless otherwise stated. This endorsement expires concurrently with the policy.

| Must be Completed || Complete Only When This Endorsement Is Not Prepared with the Policy _Or_ Is Not to be Effective with the Policy |||
|---|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO || EFFECTIVE DATE OF THIS ENDORSEMENT |
| 2 | CUP 903370098 | Capitol Dry Cleaners & Launderers, Inc. || 10-20-88 |

**CNA**
For All the Commitments You Make®

Countersigned by _____
Authorized Agent

G-59103-A
(ED 6/87)

# COMMERCIAL CATASTROPHE UMBRELLA THIRD PARTY LIABILITY POLICY

Relying upon the statements shown on the declarations page, all of which are made a part of this policy, and in return for the payment of the premium and subject to the terms of this policy, **we** agree with **you** as follows:

## I. INSURING AGREEMENT

**We** will pay on behalf of the **insured** all sums which the **insured** becomes legally obligated to pay as **ultimate net loss**, because of

A. **Bodily Injury** and **Property Damage**, or
B. **Personal Injury**, or
C. **Advertising Injury**

caused by an **incident** which takes place during the policy period and in the policy territory.

## II. PERSONS INSURED

Each of the following is an **insured** under this policy to the extent set forth below:

A. **You** and (1) any of **your** subsidiary companies that are in existence at the inception of this policy, (2) any other organization, other than partnerships and joint ventures, that **you** actively control and manage at the inception of this policy and (3) any other corporation or organization, other than partnerships and joint ventures, that **you** form, acquire or gain control of during this policy period, but only with respect to **incidents** taking place after **you** form, acquire or gain control of such corporation or organization.

B. If the **Insured** is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof, but only with respect to the **insured's** liability as such; and

C. Any person or organization, which an **insured** is required by virtue of a written contract entered into prior to an **incident**, to provide the kind of insurance that is afforded by this policy, but only with respect to operations by or on an **insured's** behalf, or to facilities an **insured** owns or uses, and only to the extent of the limits of liability required by such contract, but not to exceed the applicable limits of liability set forth in this policy; and

D. Any executive officer, director or stockholder of an **insured** while acting within the scope of that person's duties as such;

E. Any other employee of any **insured** while acting within the scope of that person's duties as such; however, none of these employees are an **insured** for:

1. **Bodily Injury** or **Personal Injury** to **you** or a co-employee while in the course of his or her employment; or

2. **Property damage** to property owned or occupied by or rented or loaned to that employee, any of an **insured's** other employees, or any of **your** partners or members (if **you** are a partnership or joint venture).

F. **Your** spouse, if **you** are shown in the declarations as an individual, if **your** spouse is a resident of **your** household, but only with respect to the conduct of the business of which **you** are the sole proprietor; and

G. Any other person or organization if included as an **Insured** under the provisions of the **scheduled underlying insurance** stated in item 5. of the Declarations, and then only for the same coverage, except limits of liability, afforded under such **scheduled underlying insurance**.

No person or organization is an **insured** with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

## III. EXCLUSIONS

This policy does not apply to:

A. Any requirement for which any **insured** may be held liable under any workers' compensation or unemployment law; provided, however, that this exclusion does not apply to liability of others assumed by an **insured** under any valid **insured contract** which is in force at the time of an injury.

B. **Bodily injury** to:

1. An employee of any **insured** arising out of and in the course of employment by an **insured**; or

2. The spouse, child, parent, brother or sister of that employee as a consequence of 1. above.

This exclusion applies:

1. Whether the **insured** may be liable as an employer or in any other capacity; and

2. To any obligation to share damages with or repay someone else who may pay damages because of the injury.

This exclusion does not apply to liability assumed by the **insured** under an **insured contract**. Provided however, this exclusion does not apply to claims covered by **scheduled underlying insurance**.

G-56155-A
(ED. 12/85)                    Page 1 of 13

C. **Ultimate net loss** due to war, whether declared or not, civil war, insurrection, rebellion or revolution or to any act or condition of the foregoing with respect to liability assumed by an **insured** under any contract or agreement.

D. **Property Damage** to:
1. Property an **insured** owns, rents, or occupies;
2. Premises an **insured** sells, gives away or abandons, if the property damage arises out of any part of those premises;
3. Property loaned to an **insured**.
4. Personal property in an **insured's** care, custody, or control;
5. That particular part of real property on which an **insured** or any contractor or subcontractor working directly or indirectly on an **insured's** behalf is performing operations; or
6. That particular part of any property that must be restored, repaired or replaced because the **insured's work** was incorrectly performed on it.

Paragraph 2. of this exclusion does not apply if the premises are an **insured's work** and were never occupied, rented or held for rental by an **insured**.

Paragraphs 3., 4., 5.and 6. of this exclusion do not apply to liability assumed under a side-track agreement.

Paragraph 6 of this exclusion does not apply to **property damage** included in the **products-completed operations hazard**.

E. **Property damage** to the **insured's product** arising out of it or any part of it.

F. **Property damage** to the **insured's work** arising out of it or any part of it and included in the **products-completed operations hazard**.

G. **Property damage** to **impaired property** or property that has not been physically injured, arising out of:
1. A defect, deficiency, inadequancy or dangerous condition in an **insured's product** or an **insured's work**, or
2. A delay or failure by an **insured** or anyone acting on an **insured's** behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to an **insured's product** or an **insured's work** after it has been put to its intended use.

H. Damages claimed for any loss, cost or expense incurred by an **insured** or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of:
1. The **Insured's product**
2. The **Insured's work**, or
3. **Impaired property**

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

I. To the ownership, maintenance, operation, use, loading or unloading of **aircraft** owned by any **insured**, or chartered without crew by the **insured** or on the **insured's** behalf.

J. **Advertising Injury** arising out of:
1. Breach of contract, other than misappropriation of advertising ideas under an implied contract;
2. The failure of goods, products or services to conform with advertised quality or performance;
3. The wrong description of the price of goods, products or services; or
4. An offense committed by an **insured** whose business is advertising, broadcasting, publishing or telecasting.

K. To any alleged or actual discrimination by an **insured** against a past, present or prospective employee and to discrimination committed intentionally against any person.

L. 1. **Bodily Injury, property damage** or **personal injury** arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants:
   a. at or from premises an **insured** owns, rents or occupies;
   b. at or from any site or location used by or for an **insured** or others from the handling, storage, disposal, processing or treatment of waste;
   c. which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for an **insured** or any person or organization for whom an **insured** may be legally responsible; or
   d. at or from any site or location on which an **insured** or any contractors or sub-contractors working directly or indirectly on an **insured's** behalf are performing operations:
      i. If the pollutants are brought on or to the site or location in connection with such operations; or
      ii. if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants.
2. Any loss, cost, or expense arising out of any governmental direction or request that an insured test for, monitor, clean up,

Page 2 of 13

remove, contain, treat, detoxify or neutralize pollutants.

Pollutants means any solid, liquid, gaseous, or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

M. To any alleged or actual violation of the Employees Retirement Income Security Act of 1974 or any amendment or addition thereto.

N. To any wrongful act, error, omission or breach of duty by any **insured** in the performance of the office of director or officer of any organization.

O. **Bodily Injury** or **property damage** expected or intended from the standpoint of the **insured**. This exclusion does not apply to **Bodily Injury** resulting from the use of reasonable force to protect persons or property.

P. **Bodily injury** or **property damage** arising out of the ownership, maintenance, use or entrustment to others of any **watercraft** owned or operated by or loaned to any **insured**. Use includes operation and loading or unloading.

This exclusion does not apply to:

1. A **watercraft** while ashore on premises the **insured** owns or rents:

2. A **watercraft** the **insured** does not own that is:
   a. Less than 26 feet long; and
   b. Not being used to carry persons or property for a charge;

Q. Liability imposed by law on any **insured** under any of the following: uninsured motorist, underinsured motorist, **automobile** no-fault, first party personal injury, or any other law similar to the foregoing.

R. **Personal injury** or **advertising injury**:

1. Arising out of oral or written publication of material, if done by or at the direction of the **insured** with knowledge of its falsity;

2. Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

3. Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the **insured**; or

4. For which the **insured** has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the **insured** would have in the absence of the contract or agreement.

## IV. DEFENSE PAYMENT AND RELATED DUTIES

A. In the event a claim or **suit** alleges damages covered by underlying policies and the obligation of all **underlying insurers** either to investigate and defend the **insured** or to pay the costs of such investigation and defense ceases soley through exhaustion of all underlying limits of liability through payments of any combination of covered expenses, settlements or judgements for incidents taking place during our policy period, then we shall either:

1. Assume the investigation and defense of the **insured** against **suits** seeking damages, or

2. If **we** elect not to assume the investigation and defense described in 1. above, **we** will reimburse the insured for reasonable defense costs and expenses incurred with **our** written consent; however, such reimbursement shall exclude office expenses of the **insured**, salaries and expenses of employees of the **insured** and general retainer fees of counsel retained by the **insured**.

B. **We** will also investigate and defend any suit brought against an **insured** for a claim or **suit** that alleges damages arising out of an **incident** which is not covered, in whole or in part, under **scheduled underlying insurance** and **unscheduled underlying insurance**, but which seeks damages arising out of an **incident** otherwise covered under this policy. The costs and expenses of such investigation and defense are not subject to the **retained limit**.

C. **We** will either investigate and defend an **insured** or reimburse an **insured** for such costs of investigation or defense under the circumstances described in either paragraph A. or B., above, even if the allegations of a **suit** are groundless, false or fraudulent, but only until **we** make a payment or payments or offer to pay or deposit in court that part of any judgement(s) not exceeding **our** limit of liability thereon.

D. **We** shall also have the sole right to make any settlement of any **suit** as **we** deem expedient.

E. If **we** are not permitted by law or otherwise to perform these defense duties, then **we** will pay an **insured** for any defense costs and expenses incurred by an **insured** with **our** prior written consent.

F. Amounts **we** pay or incur pursuant to the obligation to defend or pay the costs and expenses of such defense are in addition to and not subject to, the limit of liability stated in the declarations.

G. **We** will also pay for prejudgement interest in addition to **our** limits of liability, but only for that amount of prejudgement interest awarded against an **insured** on that part of a judgement covered by this policy. If, however, **we** make an offer to pay our applicable limit of liability, or if **we** offer to pay a portion of **our** limit of liability which would equal the amount of a settlement demand when combined with the limits of **underlying insurers**, then **we** will not pay for any prejudgement interest which is based upon that period of time after **we** make such an offer.

H. **We** will pay interest on a judgement that accrues after entry of a judgement and before **we** have paid, offered to pay or deposited in court the part of the judgement that is within the applicable limit of insurance of this policy, but only to the extent set forth below:

1. The amount **we** pay will only be interest not covered by other insurance, and

2. The amount **we** pay will not be proportionably more than the proportion of the amount **we** pay as damages bears to the total amount of the judgement.

Once **we** have paid, offered to pay or deposited in court the part of the judgement that is within the applicable limit of insurance of the policy, **we** shall not pay any additional interest that accrues after such payment, offer or deposit.

## V. LIMITS OF LIABILITY

A. Regardless of the number of (1) **Insureds** under this policy, (2) persons or organizations who sustain **bodily injury, property damage, personal injury** or **advertising liability**, (3) claims made or **suits** brought on account of **bodily injury, property damage, personal injury** or **advertising injury**, (4) **automobiles, aircraft,** or **watercraft** to which this policy applies or (5) coverages under which loss is insured in this policy, **we** shall only be liable for the **ultimate net loss** in excess of:

1. the applicable limits of **scheduled underlying insurance** stated in item 5. of the Declarations, for **incidents** covered by **scheduled underlying insurance**, plus the limits of any **unscheduled underlying insurance** which also provides coverage for such **incidents**, or

2. the **unscheduled underlying insurance** or the **retained limit**, whichever is greater, for **incidents** covered by **unscheduled underlying insurance** and by this policy only, or

3. the **retained limit**, for **incidents** covered by this policy only;

but only up to the amount of our limits of liability as stated in item 3. of the Declarations, because of any single **incident**.

B. In the event of reduction or exhaustion of the aggregate limits of liability under **scheduled underlying insurance** solely by reason of payments of any combination of covered expenses, settlements, or judgements paid thereunder as a result of **incidents** taking place during this policy period (which would, except for the amount thereof, be covered under this policy); this policy shall, subject to this limit of liability provision and to the remaining terms and provisions and conditions of this policy:

1. apply in excess of such reduction of **scheduled underlying insurance**; or

2. apply in place of such reduced amount of **scheduled underlying insurance**.

Nothing contained in paragraphs B.1. or B.2. above shall serve to increase the limits of liability stated in item 3. of the Declarations.

C. **Our** aggregate limit of liability will be the amount stated in item 3. of the Declarations for **ultimate net loss** arising out of all **incidents** with respects to any of the following exposures insured by this policy:

1. **The Products-Completed Operations Hazard**, or

2. Occupational disease sustained by all employees of any **insured**, or

3. Any hazard, other than as described in C.1. or C.2. above, for which any **underlying insurer** affords coverage subject to an aggregate limit and to which this policy also applies.

D. The limits of this policy apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Liability.

## VI. POLICY TERRITORY

Policy Territory means anywhere in the world, provided that **suit** on the merits is brought in the United States of America (including its territories and possessions), Puerto Rico and Canada.

## VII. EXTENDED REPORTING PERIOD

A. When the **Scheduled Underlying Insurance** is on a claims made basis, **we** will provide Extended Reporting Period for this policy, except in cases where **we** cancel this policy for non-payment of premium, to the extent and under the circumstances listed below:



1. When **you** or **we** cancel or non-renew this policy, and **you** or the insurer also cancel or non-renew the **Scheduled Underlying Insurance,** and **you** purchase Extended Reporting Period for the **Scheduled Underlying Insurance** and only for the coverages subject to the Extended Reporting Period in the **Scheduled Underlying Insurance.** All other insurance covered on a claims made basis by this policy shall be provided Extended Reporting Period for five years from the date of the termination of this policy.

   If **you** do not purchase Extended Reporting Period for the **Scheduled Underlying Insurance,** we shall provide Extended Reporting Period for sixty days from the date of termination of this policy if no other insurance **you** purchase to replace this policy applies to the claim, or would apply but for the exhaustion of its applicable limits of liability the self insured retention under such policy.

2. When **you** or **we** cancel or non-renew this policy, but the **Scheduled Underlying Insurance** is not cancelled or non-renewed **we** will provide Extended Reporting Period for all coverages covered on a claims made basis by this policy for a period of five years from the date of this policy's termination.

   If **you** do not purchase Extended Reporting Period for this policy, **we** shall provide Extended Reporting Period for sixty days from the date of this policy's termination if no other insurance **you** purchase to replace this policy applies to the claim, or would apply but for the exhaustion of its applicable limits of liability or the self insured retention under such policy.

B. The scope of the coverage provided by Extended Reporting Period will be limited to the terms and provisions in force under **our** policy at the time of the granting of Extended Reporting Period in our policy. It will also be limited to the time and coverage limitations (such as specific accidents, work or locations) stated in the Extended Reporting Period Endorsement on both the **Scheduled Underlying Insurance** and on **our** policy.

C. Other than the Sixty Day Extended Reporting Period Coverage described in paragraphs A.1. and A.2. of this section, which is granted to **you** automatically and with no additional premium charge, except when **we** cancel for non-payment of premium **we** will provide an Extended Reporting Period endorsement only if:

   1. **You** make a written request for it within sixty days after the termination of this policy, and

   2. **You** promptly pay the additional premium when due.

   3. This policy was not cancelled for non-payment of premium.

D. The Extended Reporting Period Endorsement will not take effect unless the additional premium is paid when due. Once the premium is paid when due, the endorsement may not be cancelled and the premium shall be fully earned when the endorsement takes effect.

E. For the purposes of Extended Reporting Period Coverage, a claim first made after the policy period and during the applicable Extended Reporting Period will be deemed to have been made on the last day of the policy period. Coverage is provided for such claims only if **Bodily Injury** or **Property Damage** occured before the end of the policy period (but not before the retroactive date).

F. The Extended Reporting Period will not reinstate or increase the limits of insurance or extend the policy period of this policy.

## VIII. WORDS AND PHRASES DEFINED

When used in this policy (including endorsements forming a part thereof):

A. **Advertising injury** means injury arising out of one or more of the following offenses committed in the course of advertising **your** goods, products or services:

   1. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   2. Oral or written publication of material that violates a person's right of privacy;

   3. Misappropriation of advertising ideas or style of doing business; or

   4. Infringement of copyright, title or slogan.

B. **Aircraft** means any heavier than air or lighter than air vehicle designed to transport persons or property in the air.

C. **Automobile** means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But **automobile** does not include **mobile equipment.**

D. **Bodily Injury** means bodily injury, sickness or disease, mental injury, mental anguish, sustained by a person, including death, resulting from any of these any time.

E. **Impaired property** means tangible property, other than an **insured's product** or an **insured's work,** that cannot be used or is less useful because:

   1. It incorporates an **insured's product** or an **insured's work** that is known or thought

to be defective, deficient, inadequate or dangerous; or

2. An **insured** has failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

3. The repair, replacement, adjustment or removal of an **insured's product** or an **insured's work** or

4. An **insured** fulfilling the terms of the contract or agreement.

F. **Incident** (Definition for use when claims ARE COVERED BY THE IMMEDIATE **SCHEDULED UNDERLYING INSURANCE.** Note: See definition F.1. for definition of Incident when claims are NOT covered by such insurance.).

With respect to claims which are covered, in whole or in part, by the immediate **scheduled underlying insurance** policy (whether or not the limits thereof become reduced or exhausted), **Incident** means either an OCCURRENCE, an OFFENSE, or a CLAIM that is made, depending upon which of these three terms triggers coverage in your immediate **scheduled underlying insurance** policy.

1. When such trigger of coverage is OCCURRENCE, then **incident** means:

   with respect to **bodily injury** and **property damage**, an accident, including continuous or repeated exposure to substantially the same general harmful conditions, that takes place during this policy period.

2. When such trigger of coverage is an OFFENSE, then **incident** means:

   a. With respect to a **personal injury**, an act or series of acts of the same or similar nature committed during this policy period. All loss arising out of such act or series of acts, regardless of the frequency thereof or the number of claimants, shall be deemed to arise out of one offense, and

   b. with respect to **advertising injury**, an act or series of acts in which the same or similar advertising material is used, regardless of the number or kind of media used, committed during this policy period which causes such **advertising injury.** All damages involving the same injurious material or act, regardless of the frequency or repetition thereof, the number or kind of media used, or the number of claimants, shall be deemed to arise out of one offense.

3. When the coverage trigger is "CLAIMS-MADE," then **incident** means:

   a. for **bodily injury** and **property damage,** an accident, including continuous or repeated exposure to substantially the same general harmful conditions; but

   b. only when a claim for damages because of such **bodily injury** or **property damage** is first made in writing against an **insured** during this policy period provided this insurance does not apply to **bodily injury** or **property damage** which takes place before the Retroactive Date shown on the Declarations.

   A claim by a person or organization seeking damages will be deemed to have been made when written notice of such claim is received by an **insured** or by **us**, whichever comes first.

   All claims for damages because of **bodily injury** to the same person, including damages claimed by any person or organization for care, loss of services, or death resulting at any time from **bodily injury**, will be deemed to have been made at the time the first of those claims is made against any **insured**.

   All claims for damages because of **property damage** resulting from an accident will be deemed to be a single claim. The date of such claim will be deemed to have been made at the time the first of those claims are made against any **insured.**

F. 1. **Incident** (Definition for use when claims are NOT COVERED BY THE IMMEDIATE **SCHEDULED UNDERLYING INSURANCE.** Note: See definition F. for definitions of Incident when claims ARE covered by such insurance.).

With respect to claims which are covered by this policy, but which are not covered by the immediate **scheduled underlying insurance** (whether or not the limits thereof become reduced or exhausted), **Incident** means a claim for damages that is first made in writing against an **insured**, during this policy period, for:

1. **bodily injury** or **property damage,** caused by an accident, including continuous or repeated exposure to substantially the same general harmful conditions, that takes place during this policy period provided this insurance does not apply to **bodily injury** or **property damage** which takes place before the Retroactive Date shown on the Declarations.

a. All claims for damages because of **bodily injury** to the same person, including damages claimed by any person or organization for care, loss of services, or death resulting at any time from **bodily injury,** will be deemed to have made at the time the first of those claims is made against any **insured.**

b. All claims for damages because of **property damage** resulting from an accident will be deemed to be a single claim. The date of such claim will be deemed to have been made at the time the first of those claims are made against any **insured.**

2. **personal injury** caused by an act or a series of acts of the same or similar nature, provided that such act or acts are commited during this policy period or on or after the Retroactive Date shown on the Declarations. All loss arising out of such an act or a series of acts, regardless of the frequency thereof or the number of claimants, shall be deemed to arise out of one offense and one claim. The date of such claim will be deemed to have been made at the time the first of those claims are made against any **insured.**

3. **advertising injury** caused by an act or a series of acts in which the same or similar advertising material is used, regardless of the number or kind of media used, provided that such act or acts are committed during this policy period or on or after the Retroactive Date shown on the Declarations.

All damages involving the same injurious material or act, regardless of the frequency thereof, the number or kind of media used, or the number of claimants shall be deemed to arise out of one offense and one claim. The date of such claim will be deemed to have been made at the time the first of those claims is made against any **insured.**

A claim by a person or organization seeking damages will be deemed to have been made when written notice of such claim is received by an **insured** or by **us,** whichever comes first.

G. **Insured** means any person or organization qualifying as an Insured in Part II of this policy, "Persons Insured," but only to the extent as is stated in that section.

H. **Insured Contract** means:

1. A lease of premises;

2. A sidetrack agreement;

3. An easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

4. Any other easement agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

5. An indemnification of a municipality as required by ordinance, except in connection with work for a municipality;

6. An elevator maintenance agreement; or

7. The part of any other contract or agreement pertaining to an **insured's** business under which an **insured** assumes the tort liability to another to pay damages because of **bodily injury** or **property damage** to a third person or organization, if the contract or agreement is made prior to the **bodily injury** or **property damage.** Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

An **insured contract** does not include that part of any contract or agreement:

a. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(1) Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

(2) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

b. Under which the insured, if an architect, engineer or surveyor, assumes liability for injury or damage arising out of the Insured's rendering or failing to render professional services, including those listed in a above and supervisory, inspection or engineering services; or

c. That indemnifies any person or organization for damage by fire to premises rented or loaned to an **insured.**

I. **Insured's product** means:

1. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

a. An **insured;**

b. Others trading under an **insured's** name; or

c. A person or organization whose business or assets an **insured** has acquired; and

2. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**Insured product** includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in 1. and 2. above.

**Insured product** does not include vending machines or other property rented to or located for the use of others but not sold.

J. **Insureds work** means:
1. Work or operations performed by an **insured** or on an **insured's** behalf, and
2. Materials, parts or equipment furnished in connection with such work or operations.

**Insured work** includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in 1. or 2. above.

K. **Mobile equipment** means any of the following types of land vehicles, including any attached machinery or equipment.
1. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;
2. Vehicles maintained for use solely on or next to premises an **insured** owns or rents;
3. Vehicles that travel on crawler treads;
4. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:
   a. Power cranes, shovels, loaders, diggers or drills; or
   b. Cherry pickers and similar devices used to raise or lower workers;
5. Vehicles not described in 1., 2., 3. or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:
   a. Air compressors, pumps, and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or
   b. Cherry pickers and similar devices used to raise or lower workers.
6. Vehicles not described in 1., 2., 3. or 4. above that are not self-propelled and are maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **automobiles:**

   a. Equipment designed primarily for:
      i. Snow removal;
      ii. Road maintenance, but not construction or resurfacing;
      iii. Street Cleaning;
   b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
   c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

L. **Personal Injury** means: Injury, other than **bodily injury**, arising out of false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, discrimination, humiliation, libel, slander or defamation of character or invasion of rights of privacy; all of which are committed in the conduct of an **insured's** business; except that for which coverage is afforded under **Advertising Injury.**

M.1. **Products-Completed Operations Hazard** includes all **bodily injury** and **property damage** occurring away from premises an **insured** owns or rents and arising out of the **insured's product** or the **insured's work** except:
   a. Products that are still in an **insured's** physical possession; or
   b. Work that has not yet been completed or abandoned.
2. The **insured's work** will be deemed completed at the earliest of the following times:
   a. When all of the work called for in the **insured contract** has been completed.
   b. When all of the work to be done at the site has been completed if the **insured's contract** calls for work at more than one site.
   c. When that part of the work done at a job site has been completed if the **insured's contract** calls for work at more than one site.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

3. This hazard does not include **bodily injury** or **property damage** arising out of:
   a. The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the loading or unloading of it;
   b. The existence of tools, uninstalled equipment or abandoned or unused materials;
   c. Products or operations for which the classification in this policy or in **our** manual of rules includes products or completed operations.

N. **Property Damage** means:
1. Physical injury to tangible property, including all resulting loss of use of that property, or
2. Loss of use of tangible property that is not physically injured.

O. **Retained Limit** means the amount stated in item 4. of the declarations.

P. **Scheduled underlying insurance** means the insurance policies listed in the Schedule of Underlying Insurance including any renewal or replacement of such contracts not more restrictive.

Q. **Suit** means a civil proceeding in which damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies are alleged. **Suit** includes an arbitration proceeding alleging such damages to which an **insured** must submit with **our** consent.

R. **Ultimate Net Loss**
1. Ultimate Net Loss means the actual sums the **insured** is legally obligated to pay as damages for which any **insured** is legally liable, either through final adjudication on the merits or through compromise settlement with **our** written consent or direction, because of any **incident(s)** covered by this policy.

   However, it includes the above mentioned sums only after deducting for all other recoveries and salvages.
2. **Ultimate Net Loss** does not, however, include any of the following:
   a. any costs or expenses related to litigation, settlement, adjustment or appeal(s) nor any costs or expenses incident to any of the same which an **underlying insurer** has paid or incurred or is obligated to pay to or on behalf of the **insured**;
   b. pre-judgement interest
   c. office costs and expenses and salaries and expenses of the employees of any **insured**,
   d. **our** office costs and expenses and salaries of **our** employees,
   e. general retainer and/or monitoring fees of counsel retained by the **insured**.

S. **Underlying Insurer** means any insurer whose policy covers an **incident** also covered by this policy but does not include insurers whose policies were purchased specifically to be in excess of this policy. It includes all insurers providing **unscheduled underlying insurance** and **scheduled underlying insurance**.

T. **Unscheduled Underlying Insurance** means any insurance policies available to any in-

sured (whether primary, excess, excess-contingent, or otherwise) except the policies listed in the Schedule of Underlying Insurance. **Unscheduled Underlying Insurance** does not include insurance purchased specifically to be excess of this policy.

U. **Watercraft** means a vehicle designed to transport persons or property in or on water.

V. **We, Us** and **Our** means the company shown in the Declarations.

W. **You, Your,** and **Yours** means a person or organization shown as the Named Insured in item 1 of the Declarations.

## IX. CONDITIONS

This policy is subject to the following conditions:

A. **Changes**

This policy may be changed only by an endorsement issued to form a part of the policy, signed by **our** duly authorized representative. Notice to **you** or to **our** agent or knowledge possessed by **us**, by **our** agent or by any other person shall not affect a waiver or a change in any part of this policy nor prevent **us** from asserting any right under the terms of this policy.

B. **Assignment**

**Your** interest in this policy may not be transferred to another, except by an endorsement issued by **us** which gives **our** consent. If **you** die, this policy shall apply (1) to **your** legal representative, but only while acting within the scope of their duties as such, and (2) with respect to **your** property, to the person having proper temporary custody as an **insured**, but only until the appointment and qualification of the legal representative.

C. **Scheduled Underlying Insurance**

Any material change in the premium for the **scheduled underlying insurance** shall be promptly reported to **us**. The premium for this policy may be adjusted to reflect any change in the underlying insurance in accordance with **our** manual in effect at the time of the change.

D. **Maintenance of Scheduled Underlying Insurance**

While this policy is in force the **insured** agrees that the policies listed in the Declarations as **scheduled underlying insurance** and their renewals and replacements shall be maintained without alteration of terms or conditions in full effect during the currency of this policy except for any reduction or exhaustion of the aggregate limits of liability in the **scheduled underlying insurance** provided such reduction or exhaustion is solely the result of **incidents** taking place during this policy period, and not before. If the insured fails to maintain **scheduled underlying insurance**, this con-

dition shall not invalidate this policy, but, in the event of such failure, **we** will only be liable to the same extent as if the **insured** had complied with this condition.

If at any time, a **scheduled underlying insurance** policy written on a claims made basis is cancelled or non-renewed while this policy is in force, coverage ceases under this policy for all claims made exposures covered by the cancelled or non-renewed policy on the same date and at the same time that coverage ceases under the **schedule underlying insurance** policy.

E. **Premium**

Premiums for this policy shall be stated in the Declarations and computed in accordance with **our** rules, rates, rating plans, premiums, and minimum premiums applicable to this insurance. If this policy is issued for a period in excess of one year, the premium for this policy may be revised on each annual anniversary in accordance with **our** manuals in effect during that time.

Unless the audit period is stated as "not subject to audit," the premium designated in this policy shall be credited to the amount of earned premium due at the end of this policy period. At the close of each audit period, the earned premium shall be computed for such period, and, upon notice to **you**, shall become due and payable. If the total earned premium exceeds the amount previously paid, **we** shall return to **you** the unearned portion paid by **you**. In no case shall the earned premium be less than the minimum premium shown on the declaration page.

**You** shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to **us** at the end of this policy period and at such times during the policy period as **we** may direct.

F. **Inspection and Audit**

**We** have the right but are not obligated to:

1. Make inspections and surveys at any time;
2. Give **you** reports on the conditions **we** find; and
3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. **We** do not make safety inspections. **We** do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And **we** do not warrant that condition:

1. Are safe or healthful; or
2. Comply with laws, regulations, codes or standards.

This condition applies not only to **us**, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**We** may examine and audit **your** books and records as they relate to this policy at any time during the policy period and up to three years afterward.

G. **Appeals**

If an **insured** or any of an **insured's underlying insurers** elect not to appeal a judgment in excess of the limits of liability afforded by the **scheduled underlying insurance, unscheduled underlying insurance** or the **retained limit**, **we** may elect to appeal. **Our** limit of liability shall not be increased because of such appeal. **We** will, however, pay the following costs and expenses:

1. All premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy;
2. All premiums on appeal bonds required in any such defended **suit**, but without any obligation to apply for or furnish such bonds;
3. Court Fees;
4. Costs and expenses taxed against an **insured** by the appellate court and interest accruing after entry of a judgement against an **insured** and before **we** have paid, or offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance. Where the **underlying insurers** terminate their liability to pay interest on the judgement by an offer to pay their limits, the **insured** shall demand that such limits be paid. If the appeal is successful, such amounts not obligated to be paid shall be returned to such **underlying insurer**.

H. **Legal Action Against Us**

No legal action shall be brought against **us** unless the **insured** has fully complied with all terms of this policy and the amount of the **insured's** obligation to pay has been finally determined either by judgement against the **insured** after actual trial or by written agreement between **us**, the **insured** and the claimant.

I. **Financial Impairment**

Bankruptcy, rehabilitation, receivership, liquidation or other financial impairment of the **insured** or any **underlying insurer** shall neither relieve nor increase any of **our** obligations under this policy.

In the event there is diminished recovery or no recovery available to the **insured** as a result of such financial impairment of any insurer providing **scheduled underlying**



insurance, the coverage under this policy shall apply only in excess of the limits of liability stated in the **scheduled underlying insurance**. Under no circumstances shall **we** be required to drop down and replace the limits of liability, or assume any other obligations of a financially impaired insurer.

J. **Severability of Interests**

The insurance afforded applies separately to each **insured** against whom claim is made or suit is brought, but the inclusion of more than one **insured** shall not operate to increase the limits of **our** liability.

K. **Cancellation**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to **us** advance written notice of cancellation.

2. **We** may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if **we** cancel for non-payment of premium; or

   b. 30 days before the effective date of cancellation if **we** cancel for any other reason.

3. **We** will mail or deliver **our** notice to the first Named Insured's last mailing address known to **us**.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, **we** will send the first Named Insured any premium refund due. If **we** cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if **we** have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

L. **Subrogation**

In the case of any payment by **us** under the coverages of this policy, **we** shall be subrogated to all rights of recovery against any other party which any **insured** may have and **we** will cooperate with the **insured** and all other interests. Any amounts recovered shall be apportioned in the following order.

1. Any amount paid in excess of the payments under this policy shall first be reimbursed up to the amount paid by those, including the **insured**, who made such payments;

2. **We** are then to be reimbursed up to the amount **we** paid;

3. Any remainder shall be available to the interests of those over whom this coverage is in excess and who are entitled to claim such remainder.

Expenses necessary to the recovery of any such amounts shall be divided between the interests concerned, including the **insured**, in the ratio of their respective recoveries as finally settled.

M. **Duties of the Insured in the Event of an occurrence or offense which has not resulted in a claim or suit.**

Whenever **you** have information of an occurrence or offense which involves injuries or damages reasonably likely to involve this policy, written notice shall be given by or for the **Insured** to **us** or to any of **our** authorized agents as soon as practicable. The notice shall contain:

1. Particular information sufficient to identify the **insured**;

2. Reasonably obtainable information with respect to time, place and circumstances of the occurrence or offense and;

3. Names and addresses of the injured and of available witnesses.

N. **Duties of the Insured in event of claims or suit.**

Immediate written notice shall be given by the **insured** to **us** whenever:

1. A claim is made or **suit** is brought against the **insured**;

2. The **insured** receives notice that a right to bring a claim or **suit** against the **insured** will be asserted, or

3. The **insured** obtains information that the obligations of **underlying insurers** to investigate, defend, pay on behalf of or indemnify the **insured** has ceased.

Every demand, notice, summons, amended complaints or other process received by the **insured** or a representative of the **insured** shall be forwarded with each notice.

O. **Settlement of Claims or Suits**

**We** may pay, but **we** are not obligated to pay, any part or all of the amount of the **retained limit** to effect settlement of any claim or **suit**, and upon notification of the action taken, **you** shall promptly reimburse **us** for such part of the **retained limit** that **we** had paid. All Named Insureds are jointly and severally responsible for **our** reimbursement and agree to make such reimbursement within 30 days after **we** give the **insured** written notice or demand for payment.

P. **Other Insurance**

Whenever the **Insured** is covered by other primary, excess or excess-contingent in-

surance not scheduled on this policy as **scheduled underlying insurance,** this policy shall apply only in excess of, and will not contribute with, such other insurance. This policy shall not be subject to the terms, conditions or limitations of any other insurance. In the event of any payment under this policy where the **insured** is covered by such other insurance, **we** shall be subrogated to all of the **insured's** rights of recovery against such other insurance and the **insured** shall execute and deliver instruments and papers, including assignments of rights, and do whatever else is necessary to secure such rights.

Q.  **Sole Agent**

The insured first named in item 1. in the declarations is authorized to act on behalf of all Named Insureds and other **insureds** with respect to the giving and receiving of notice of cancellation and to receiving any return premium that may become payable under this policy. The **insured** first named in item 1. in the declarations is responsible for the payment of all premiums but the other Named Insureds jointly and severally agree to make such payments in full if the **insured** first named fails to pay the amount due within 30 days after **we** give written notice or demand.

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
## (BROAD FORM)

It is agreed that:

I. This policy does not apply:

A. Under any Liability Coverage to **ultimate net loss**

   (1) with respect to which an **insured** under this policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (2) resulting from the **hazardous properties** of **nuclear material** and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the **insured** is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payment Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to **ultimate net loss** resulting from the **hazardous properties** of **nuclear material** and arising out of the operation of a **nuclear facility** by any person or organization.

C. Under any Liability Coverage, to **ultimate net loss** resulting from the **hazardous properties** of **nuclear material**, if

   (1) the **nuclear material** (a) is at any **nuclear facility** owned by, or operated by or on behalf of, an **insured** or (b) has been discharged or dispersed therefrom;

   (2) the **nuclear material** is contained in **spent fuel** or **waste** at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an **insured**; or

   (3) the loss arises out of the furnishing by an **insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility**, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to **ultimate net loss** to such **nuclear facility** and any property thereat.

II. As used in this endorsement:

"**hazardous properties**" include radioactive, toxic or explosive properties;

"**nuclear material**" means **source material, special nuclear material** or **byproduct material**;

"**source material**," "**special nuclear material**," and "**byproduct material**" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"**spent fuel**" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a **nuclear reactor**;

"**waste**" means any waste material (1) containing **byproduct material** other than the tailings or waste produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its **source material** content, and (2) resulting from the operation by any person or organization of any **nuclear facility** included within the definition of **nuclear facility** under paragraph (a) or (b) thereof;

"**nuclear facility**" means

(a) any **nuclear reactor**,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing **spent fuel**, or (3) handling, processing or packaging **waste**,

(c) any equipment or device used for the processing, fabricating or alloying of **special nuclear material** if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of **waste**,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"**nuclear reactor**" means any apparatus designed or used to sustain nuclear fission in a self supporting chain reaction or to contain a critical mass of fissionable material;

"**ultimate net loss**" includes all forms of radioactive contamination of property.

Page 13 of 13

# CNA INSURANCE COMPANIES

### Automobile Liability Limitation

It is agreed that this insurance shall not apply to any liability for <u>personal injury</u> or <u>property damage</u> arising out of the ownership, maintenance or <u>use of any automobile</u>, unless such liability is covered by valid and collectible <u>underlying insurance</u> as listed in the Schedule of Underlying Insurance, for the <u>full limits</u> shown therein, and then only for such liability for which coverage is afforded under said <u>underlying insurance.</u>

**CNA**
For All the Commitments You Make®

U-CU-122