IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPITOL CLEANERS AND<br>LAUNDERERS, INC. a<br>Delaware Corporation | : <br> : <br> : <br> : | C. A. No. 04-0865-(GMS) |
|       Plaintiff,<br>v. | : <br> : <br> : | |
| CNA INSURANCE COMPANIES, INC.,<br>CNA INSURANCE GROUP, INC. and<br>TRANSCONTINENTAL INSURANCE<br>COMPANY, a CNA COMPANY | : <br> : <br> : <br> : <br> : | JURY TRIAL DEMANDED |
|       Defendants. | : | |

**PLAINTIFF'S MOTION TO VACATE ORDER AND TO
REMAND OR, IN THE ALTERNATIVE, TO REARGUE**

Plaintiff, Capitol Cleaners and Launderers, Inc., a Delaware Corporation ("Capitol" or "Plaintiff"), hereby moves this Honorable Court to vacate its March 24, 2005 Order and to remand this matter to State court pursuant to 28 U.S.C. § 1447(c), or in the alternative, to reargue pursuant to D. Del. LR 7.1.5. In support of its requests, the Plaintiff states the following:

1.      On March 24, 2005, this Court entered an Order (the "Order") dismissing the CNA Defendants[1], without prejudice, for lack of service of process. These Defendants were unserved because the Delaware Secretary of State initially had declined to accept service on their behalf. In the Order the Court also denied the Plaintiff's motion to remand, on the grounds that diversity jurisdiction exists in this matter because the CNA entities had not yet been served.

---

[1] All terms not described herein will have the same meaning as in previous Court filings in this case.

2.   Continuing counsel's previous efforts and due diligence to effectuate service upon the CNA entities, on March 31, 2005, the CNA entities, which the Court recognized in its Order are Delaware citizens, were effectively served with the Complaint in this matter, pursuant to 8 Del. C. § 321(b). The Delaware Secretary of State, Division of Corporations, who previously rejected service, on March 31, 2005, did accept service on behalf of these entities, and in accordance with Delaware law. See affidavits of personal service, attached hereto as Exhibit A.

3.   The Court has recognized that the CNA entities are in fact Delaware citizens. Perfection of service of process on these entities has destroyed complete diversity in this case under 28 U.S.C. § 1332. The Court thus is deprived of subject matter jurisdiction over this matter. As a result, Plaintiff respectfully suggests the Court must remand this case to the State court for final and proper adjudication, and in order to avoid the necessity for joining to this action additional parties.

WHEREFORE, for the above reasons, Plaintiff respectfully requests that the Court (1) vacate its Order dismissing the CNA entities from this action; and (2) remand this matter to State court. In the alternative, Plaintiff respectfully requests reargument of these issues.

Dated: April 5, 2005

McCARTER & ENGLISH, LLP

Michael P. Kelly (DE ID # 2296)
Jennifer M. Zelvin (DE ID # 4325)
919 N. Market St., Suite 1800
Wilmington, Delaware 19801
(302) 984-6300

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I Jennifer M. Zelvin, Esq. hereby certify that on the 5th day of April, 2005, two copies of the attached *Plaintiff's Motion to Vacate Order and to Remand or, in the Alternative, to Reargue* were served by **hand delivery** upon:

Daniel A. Griffith, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1220 N. Market Street
5th Floor
P. O. Box 8888
Wilmington, DE  19899

Under penalty of perjury, I declare that the foregoing is true and correct.

DATED:  April 5, 2005

Jennifer M. Zelvin, Esq. (Del. #4325)

WL1: 104651.01