IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPITOL CLEANERS AND LAUNDERERS, INC., a Delaware Corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>CNA INSURANCE COMPANIES, INC., CNA INSURANCE GROUP, INC. and TRANSCONTINENTAL INSURANCE COMPANY, a CNA Company,<br><br>    Defendants. | C.A. No. 04-865-GMS<br><br><br><br>JURY TRIAL DEMANDED |

**DEFENDANT, TRANSCONTINENTAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE MARCH 24, 2005 ORDER AND TO REMAND OR, IN THE ALTERNATIVE, TO REARGUE**

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

DANIEL A. GRIFFITH, ESQUIRE (I.D. # 4209)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4317
Email: dgriffith@mdwcg.com

Dated: 4/19/05

## INTRODUCTION

Apparently accepting that the CNA entities nominally included as defendants are not legal entities upon whom service of process can be effectuated, plaintiff has attempted to circumvent the consequences of their dismissal from this action, (i.e., a denial of plaintiff's Motion for Remand) by simply serving the Secretary of State for the State of Delaware. However, by letter dated September 22, 2004, Transcontinental Insurance Company provided Certificates from the Delaware Secretary of State confirming that the CNA entities are "no longer in existence and in good standing under the laws of the State of Delaware, having become inoperative and void the 1st day of March, A.D., 1996 . . . ", such that service upon the Secretary of State is meaningless.

Thus, as made clear in Transcontinental Insurance Company's Response to Plaintiff's Motion for Remand, the CNA entities are improper defendants to this case because: (1) they do not exist, are not amenable to service of process nor susceptible to being sued in any capacity whatsoever; and (2) even when they did exist they were not related in anyway to the insurance coverage dispute which is the subject of this action.

Since plaintiff's forwarding of it's Complaint to the Delaware Secretary of State does nothing to alter any of the bases for the dismissal of this action as to the CNA entities, plaintiff's Motion must be denied as a matter of law.

## LEGAL ARGUMENT

**I.    Service Upon The Secretary Of State Is Ineffective As To The CNA Entities Since They Do Not Exist As Corporate Entities In The State Of Delaware.**

Attached as Exhibit "A" is a copy of Transcontinental Insurance Company's Supplemental Submission (i.e., a September 22, 2004 letter with attachments) with respect to plaintiff's Motion for Remand. That submission attached Certificates from the Delaware

2

Secretary of State confirming that CNA Insurance Companies, Inc. are "no longer in existence and in good standing under the laws of the State of Delaware, having become inoperative and void the 1st day of March, 1996." More than three months after the filing of the Complaint in the Superior Court, the Sheriff returned the Writ as to both CNA entities as *non est inventus* or "not found," with the further notation that both CNA entities are and have been "void" since March 1, 1996.

As these facts make clear, the CNA entities do not exist, are not amenable to service of process, nor susceptible to being sued nor to being parties to this action in any capacity whatsoever. Thus, plaintiff's forwarding of the Complaint to the Secretary of State for the State of Delaware is of absolutely no legal affect with respect to service of process upon the CNA entities, who are not legal entities in Delaware.

Under the circumstances, plaintiff's Motion to Vacate the Order dismissing the CNA entities must be denied as a matter of law.

## II.    Even If The CNA Entities Existed, They Have Nothing To Do With This Coverage Dispute And Were Properly Dismissed.

As set forth in Transcontinental Insurance Company's Opposition to Plaintiff's Motion to Remand, the CNA entities are improper parties to this lawsuit inasmuch as they are not related in any way whatsoever to the insurance coverage dispute between the plaintiff and Transcontinental Insurance Company. "CNA" is not a legal entity or insurer but is simply a service mark registered with the United States Patent Office used in the sale of or advertising of services. Certain companies, such as Transcontinental are authorized and license to use the CNA service mark.

Plaintiff does not allege and cannot show how the CNA entities, both of which were voided on March 1, 1996, could have been involved in any of the transactions involving

3

insurance policies allegedly sold to plaintiff for the years 1988 through 1990. Therefore, the CNA entities are as a matter of fact a law unnecessary to this litigation even if plaintiff were able to obtain service of process upon them. The Court's March 24, 2005 Order was therefore entirely warranted, appropriate and just.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Honorable Court deny Plaintiff's Motion to Vacate Order and to Remand or, in the alternative, to reargue.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

Date: 4/19/15

BY: _____
DANIEL A. GRIFFITH, ESQUIRE (No. 4209)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4317
Email: dgriffith@mdwcg.com

\15_A\LIAB\DAG\LLPG\280716\JVM\03127\00745

4

## CERTIFICATE OF SERVICE

I, **DANIEL A. GRIFFITH**, hereby certify that on this 19th day of April, 2005, caused two (2) copies of the foregoing **DEFENDANT, TRANSCONTINENTAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE MARCH 24, 2005 ORDER AND TO REMAND OR, IN THE ALTERNATIVE, TO REARGUE** to be served via Electronic Filing Service and First Class U.S. Mail, postage pre-paid, on counsel for the parties at the following address:

Michael P. Kelly, Esquire
McCarter & English, LLP
919 Market Street
P.O. Box 111
Wilmington, DE 19899

Paul Gorfinkel, Esquire
Rivkin Radler, LLP
EAB Plaza
Uniondale, NY 11556

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

BY: _____
        DANIEL A. GRIFFITH, ESQUIRE
        I.D. No. 4209
        1220 N. Market St., 5th Floor
        P.O. Box 8888
        Wilmington, DE 19899-8888
        (302) 552-4317