IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPITOL CLEANERS AND LAUNDERERS, INC. a Delaware Corporation | : : : : | C. A. No. 04-0865-(GMS) |
| Plaintiff, v. | : : : | |
| CNA INSURANCE COMPANIES, INC., CNA INSURANCE GROUP, INC. and TRANSCONTINENTAL INSURANCE COMPANY, a CNA COMPANY | : : : : : : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANT TRANSCONTINENTAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE MARCH 24, 2005 ORDER AND TO REMAND OR, IN THE ALTERNATIVE, TO REARGUE**

Plaintiff, Capitol Cleaners and Launderers, Inc., a Delaware Corporation ("Capitol" or "Plaintiff"), hereby replies to Defendant Transcontinental Insurance Company's Response to Plaintiff's Motion to Vacate this Honorable Court's March 24, 2005 Order pursuant to D. Del. LR 7.1.2 and to Remand this Matter to State Court Pursuant to 28 U.S.C. § 1447(c), or in the alternative, to Reargue Pursuant to D. Del. LR 7.1.5. ("Plaintiff's Motion"). In support of its reply, Plaintiff states the following:

1. Defendant, Transcontinental Insurance Company ("Transcontinental") states that the CNA Entities "do not exist" or are "no longer in existence." As shown in Plaintiff's Motion, however, the Secretary of State now has accepted service on behalf of the CNA Entities, thus mooting the Court's reason for dismissing these entities.

2. Notwithstanding this statement by Transcontinental, moreover, Plaintiff has found no record of a certificate of dissolution filed with the Delaware Secretary of

State for either CNA Insurance Companies, Inc. or CNA Insurance Group, Inc., a requirement of 8 Del. C. § 275(d) and 8 Del. C. § 103 ("a certificate of dissolution **shall be executed, acknowledged and filed**") (emphasis added). See also 8 Del. C. § 277 ("No corporation shall be dissolved . . . under this chapter until all franchise taxes due to or assessable by the State including all franchise taxes due . . . have been paid by the corporation"). These two companies, although *inactive*, thus have not been dissolved because a certificate of dissolution has never been filed.

3. Furthermore, the CNA Entities cannot be dissolved until their outstanding franchise taxes have been paid in full, which has not occurred. 8 Del. C. §§ 275(d), 277, and 278 set forth the proper procedure for dissolution of Delaware entities. In the case of non-payment of franchise taxes, although the corporation may not be able to operate for the purpose for which it was organized, its existence remains perpetual and the corporate entity is prohibited from dissolving until such taxes are paid. Because the CNA Entities have not complied with these requirements of Delaware law, as a matter of law they remain in existence. Because they still continue as legal entities, diversity jurisdiction cannot exist. See In re Citadel, 423 A.2d 500, 502 (Del. Ch. 1980); Shanghai Power Co. v. Delaware Trust Co., 316 A.2d 589 (Del. Ch. 1974).

4. Transcontinental also argues that even if the CNA Entities do exist, they nonetheless are not related to this insurance coverage dispute. The CNA Entities, however, as shown in previously filed exhibits, placed their name on insurance policies at issue in this matter. CNA has held itself out as being involved in this dispute by placing its mark, on the policies sold to the Plaintiff. Transcontinental's claim that these entities

are not involved in this insurance coverage dispute thus is an issue of fact that cannot be determined at this stage of the litigation.

5. The Court dismissed the CNA Entities for lack of service of process. These parties now have been properly served. As a result, Plaintiff respectfully requests that the Court withdraw its Order. Further, perfecting service of process on the CNA Entities deprives this Court of subject matter jurisdiction because complete diversity among the parties has been destroyed. Thus, this matter should be remanded to the State court for final adjudication in conjunction with the already pending State Court Action against Plaintiff's other insurers.

WHEREFORE, for the above reasons, Plaintiff respectfully requests that the Court (1) vacate its Order dismissing the CNA entities from this action; and (2) remand this matter to State court. In the alternative, Plaintiff respectfully requests reargument of these issues.

Dated: April 22, 2005

McCARTER & ENGLISH, LLP

 /s/Jennifer M. Zelvin
Michael P. Kelly (DE ID # 2296)
Jennifer M. Zelvin (DE ID # 4325)
919 N. Market St., Suite 1800
Wilmington, Delaware 19801
(302) 984-6300

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I Jennifer M. Zelvin, Esq. hereby certify that on the 22[th] day of April, 2005, two copies of the attached ***Plaintiff's Reply to Defendant Transcontinental Insurance Company's Response to Plaintiff's Motion to Vacate March 24, 2005 Order and to Remand or, in the Alternative, to Reargue*** were served by **hand delivery** upon:

Daniel A. Griffith, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1220 N. Market Street
5th Floor
P. O. Box 8888
Wilmington, DE  19899

Under penalty of perjury, I declare that the foregoing is true and correct.

DATED:  April 22, 2005

                                                  /s/Jennifer M. Zelvin
                                                Jennifer M. Zelvin, Esq. (Del. # 4325)

WL1: 104651.01