**1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888**
(302) 552-4300 · Fax (302) 651-7905

**Direct Dial: 302-552-4317**
Email: **dgriffith@mdwcg.com**

May 27, 2005

HAND DELIVER

The Honorable Gregory M. Sleet
**United States District Court**
844 North King Street
Lock Box 19
Wilmington, DE  19801

      Re:    **Capitol Cleaners v. Transcontinental Insurance Company**
              **C.A. No.: 04-865-GMS**
              **Our File No.: 03127-00745**

Dear Judge Sleet:

      Plaintiff's transparent efforts to divest this Court of its proper diversity jurisdiction by including non-existent entities ("CNA Insurance Company and CNA Insurance Group, Inc.") as parties – notwithstanding the undisputed fact that this is a straightforward coverage dispute between plaintiff and the insurance carrier who issued the policy at issue, Transcontinental Insurance Co. – continues, Transcontinental Insurance Co. hereby submits this letter-brief in an effort to make the record absolutely clear on this issue.

**The "CNA Entities" Do Not Exist**

      Plaintiff contends that serving it's Complaint on the Secretary of State for the State of Delaware establishes that "CNA Insurance Companies" and "CNA Insurance Group, Inc." are viable defendants. Respectfully, Transcontinental Insurance Co. simply relies upon the attached Certificate from the Secretary of State of the State of Delaware which confirm, conclusively that the "CNA Entities" are "no longer in existence . . . under the laws of the State of Delaware having become inoperative and void the first day of March, A.D. 1996" (i.e., **before the inception date of the insurance policy at issue in this litigation between plaintiff and Transcontinental Insurance Co.**).

Honorable Gregory M. Sleet
May 27, 2005
Page 2

---

### Even If The "CNA Entities" Existed, They Have Nothing To Do With This Litigation and Must Be Disregarded For Purposes Of Determining Whether Diversity Jurisdiction Exists

      Attached as Exhibit "B" is the Declaration of David Lehman, the Assistant Secretary of Transcontinental Insurance Company. Mr. Lehman's Declaration makes clear, conclusively, that the "CNA Entities" have nothing whatsoever to do with this insurance coverage dispute between plaintiff and Transcontinental Insurance Co.

      "CNA" is a registered service mark. On January 11, 1996, the service mark "CNA" was registered with the United States Patent and Trade Mark Office. Reg. No. 802, 010). The mark was listed on the Principal Registered under Class 102 and registered for use in underwriting accident, health, liability, property, marine and multiple peril insurance and providing reinsurance and bond. This "CNA" service mark appears as three capital letter with no periods or spaces between them. (See, Exhibit "B," p. 4). Attached to Mr. Lehman's Declaration is a true and correct copy of the Registration Certificate for this service mark.

      The "CNA" service mark appears on the Transcontinental Insurance policy issued to plaintiff represents nothing other than the service mark. Transcontinental Insurance Company is the identity of the company which issued the policy which is at issue in this litigation.

      "CNA Insurance Companies, Inc." and "CNA Insurance Group, Inc." as named in Plaintiff's Complaint, are not corporations or legal entities affiliated with Transcontinental.

### CONCLUSION

      For all of the foregoing reasons, it is respectfully requested that Plaintiff's Motion to Vacate the Court's Order Denying Plaintiff's Motion for Remand be DENIED *with prejudice*.

      Respectfully submitted,


      Daniel A. Griffith


DAG:jvm
Enclosure(s)
cc:    Michael P. Kelly, Esquire
       Anna Goldenstein, CNA;
        Claim No. DJ000592

\15_A\LIAB\DAG\LLPG\284135\JVM\03127\00745