IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPITOL CLEANERS AND LAUNDERERS, INC.<br><br>Plaintiff,<br><br>v.<br><br>CNA INSURANCE COMPANIES, INC.,<br>CNA INSURANCE GROUP, INC., and<br>TRANSCONTINENTAL INSURANCE<br>COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-865 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

This case was originally filed in Delaware Superior Court by plaintiff Capitol Cleaners and Launderers, Inc. ("Capitol") against CNA Insurance Companies, Inc. and CNA Insurance Group, Inc. (collectively "the CNA Defendants"), and against Transcontinental Insurance Co. ("TIC"). The defendants removed the case to this court pursuant to 28 U.S.C. § 1441 (1994). (D.I. 1.) Capitol subsequently moved to remand the case back to state court, pursuant to 28 U.S.C. § 1447 (1994). (D.I. 3.) On March 24, 2005, the court denied Capitol's motion because the CNA Defendants had not been properly served. (D.I. 9.) However, on March 31, Capitol served the CNA Defendants through the Secretary of State of Delaware (D.I. 10, Ex. A), pursuant to Delaware's corporate service statute, which reads in relevant part:

> In case the officer whose duty it is to serve legal process cannot by due diligence serve the process in any manner provided for by subsection (a) of this section, it shall be lawful to serve the process against the corporation upon the Secretary of State, and *such service shall be as effectual for all intents and purposes as if made in any of the ways provided for in subsection (a) hereof.*

Del. Code Ann. tit. 8, § 321(b) (2001) (emphasis added). Since TIC does not contend that Capitol

could have served process on the CNA Defendants in any manner provided for in § 321(a), service has been made proper, and therefore, the underlying rationale for the court's order of March 24 is no longer valid. Hence, Capitol has moved the court to vacate its prior order and remand the case back to state court. (D.I. 10.) For the following reasons, the court will grant Capitol's motion.

The CNA Defendants are Delaware corporations that are no longer in good standing for failure to pay their franchise taxes. Consequently, the CNA Defendants' charters have been declared void, pursuant to Del. Code Ann. tit. 8, § 510 (2001). (D.I. 11, Ex. A at 4-5.) However, under Delaware law, "[n]o corporation shall be dissolved or merged under this chapter until all franchise taxes due to or assessable by the State . . . have been paid by the corporation." Del. Code Ann. tit. 8, § 277 (2001). Moreover, even after a corporation is dissolved, it remains subject to civil suit for three years after dissolution. Del. Code Ann. tit. 8, § 278 (2001). Thus, regardless of the fact that the CNA Defendants have had their charters declared void, because they remain undissolved corporations, they are corporate citizens of the State of Delaware who may be named as defendants in a civil action. As such, the court no longer has subject matter jurisdiction, which was based on diversity of citizenship, because Capitol is a corporate citizen of the same state.

Furthermore, TIC's argument that the addition of the CNA Defendants is a transparent and impermissible scheme to defeat diversity jurisdiction is unconvincing. The questions of (1) whether it is impossible for the CNA Defendants to be liable in this action given their respective dates of incorporation relative to the dates of the disputed insurance policies held by Capitol, and (2) whether the CNA Defendants cannot be liable because TIC merely used their name as a registered service mark, are factual matters that the court is unable to resolve at this stage of the litigation.

Therefore, because the court is without jurisdiction, this action must be remanded back to

state court. 28 U.S.C. § 1447(c).

IT IS HEREBY ORDERED THAT:

1.  Capitol's motion to vacate (D.I. 10) be GRANTED;

2.  The court's order of March 24, 2005 (D.I. 9), be VACATED;

3.  Capitol's motion to remand (D.I. 3) be GRANTED; and

4.  The entire action be REMANDED to Delaware Superior Court.

Dated: October 5, 2005

UNITED STATES DISTRICT JUDGE